FILED

NOT FOR PUBLICATION

MAY 11 2010

**UNITED STATES COURT OF APPEALS**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **DONNA LENOCKER**, | No. 09-35634 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-01742-ST |
| v. | |
| **MICHAEL J. ASTRUE, Commissioner Social Security Administration**, | **MEMORANDUM**[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Submitted May 6, 2010[**]
Portland, Oregon

Before:    **KOZINSKI**, Chief Judge, **BEA** and **IKUTA**, Circuit Judges.

The ALJ didn't err in declining to find Lenocker's degenerative disc disease

a severe impairment because it didn't satisfy the duration requirement. See 20

C.F.R. § 404.1509. When Lenocker saw a doctor in 2006 for a back injury, she

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

told the doctor that she had recovered from her previous injuries. For her present injury, the doctor projected that she could return to work in three to six weeks.

The ALJ properly credited the opinion of Dr. Leland and discredited the opinions of Dr. Cole and the DDS physicians regarding the severity of Lenocker's non-exertional limitations. See Carmickle v. Comm'r, 533 F.3d 1155, 1164 (9th Cir. 2008). Leland's evaluation was the latest and most comprehensive.

The ALJ properly discredited Lenocker's testimony because there was evidence of malingering. See Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006). And the ALJ gave germane reasons for rejecting the testimony of the lay witnesses. See Carmickle, 533 F.3d at 1164. Lester's assessment was at odds with Lenocker's ability to work as a caregiver for six months, and the opinions of Lenocker's family were inconsistent with the medical record.

The vocational hypothetical wasn't flawed because it contained all of the limitations the ALJ found credible. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005).

**AFFIRMED.**